## 11610

### NATIONAL CASH REGISTER CO. v. JOHNSON

#### (125 S. E., 292)

1. CHATTEL MORTGAGES—TENDER OF INSTALLMENT BY MORTGAGOR'S TRUSTEE IN BANKRUPTCY HELD INSUFFICIENT.—Tender of installment of purchase price secured by chattel mortgage, by buyer's trustee in bankruptcy after payment was due without inclusion of the unpaid and accrued interest and costs if made after commencement of seller's action of claim and delivery, under Civ. Code 1922, § 5630, *held* insufficient.

2. BANKRUPTCY—DEFENDANT TRUSTEE, WHO RELIED ON TENDER AS DISCHARGING MORTGAGE, WAS REQUIRED TO ESTABLISH IT.—In seller's action of claim and delivery against buyer's trustee in bankruptcy, the trustee, having relied on a tender of final installment due under chattel mortgage executed to secure payment of purchase price, was required to prove such tender.

Before CHAS. CARROLL SIMMS, SPECIAL JUDGE, Chesterfield, March, 1916.    Reversed.

Action by the National Cash Register Company against R. C. Johnson.    Judgment for the defendant, and plaintiff appeals.

*Mr. R. E. Hanna,* for appellant, cites: *Contract and avoidance:* 40 S. C., 529; 45 S. C., 111. *Placing papers on record:* 77 S. C., 420.    *Conditional sale:* 27 S. C., 470; 13 S. C., — .    *Tender:* 26 S. C., 337.    *Modified by:* 88 S. C., 525.    *Condition broken:* 20 S. C., 17; 32 S. C., 365; 26 S. C., 110.

*Messrs. Pegues & Murray,* for respondent, cite: *Instrument sued on in effect a chattel mortgage:* 40 S. C., 529; 45 S. C., 781; 112 S. C., 243.    *Rights of mortgagor:* Vol. III, Code 1922, Sec. 5630.    *Title after condition breached:* 51 S. C., 43; 120 S. C., 221.    *Equity of redemption:* 7 Cyc., 86; 105 S. C., 137; 24 R. C. L., Sec. 796; 41 S. C., 167.    *Tender:* 26 S. C., 237; 88 S. C., 525.

November 13, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action of claim and delivery for the possession of a certain cash register sold to J. W. Steen & Co. under a contract reserving title, which is conceded to be a chattel mortgage. The contract is dated April 20, 1912, and the purchase price was $250.00, payable $20.00 cash and the remainder, $230.00 in ten monthly installments of $20.00 each, and one of $30.00. The purchaser paid all of the installments except the last, $30.00 due on March 20, 1913. In January, 1914, they were declared bankrupts. The entire stock of goods, including the cash register, was sold by the Trustee, and purchased by the defendant, Johnson. The plaintiff declined to have its claim adjudicated in the bankrupt proceedings, and brought this proceeding against Johnson, claiming that its mortgage was on record at the time of the sale. This action was commenced March 28, 1916.

At some time not stated in the record, nor whether before of after this suit was brought, the Trustee tendered to the attorneys for the plaintiff (a statement which would indicate that it was done after) the sum of $30.00, "being the last payment due on the contract," which tender was refused. It was kept good and again tendered and refused during the trial. The defendant claims that this tender discharged the lien of the mortgage, and that he is entitled to the possession of the register. The presiding Judge sustained this contention, and directed a verdict in favor of the defendant. The direction of a verdict could only have been sustained by proof of a tender of the balance due upon the mortgage with interest and costs which had accrued up to that time.

The last payment was due on March 20, 1913, $30, and, if the tender had been made on the day of the adjudication of bankruptcy, January 1, 1914, the unpaid and accrued interest would have amounted to $1.63. It only appears from the record that the tender was made by the Trustee; it is impossible to say whether before or after the suit was commenced. If after, the costs should

have been added to the $30 and interest, under the express terms of Section 5630, Vol. 3, Code 1922.

The defendant having relied upon a tender as discharging the lien, it was incumbent upon him to establish it, and, not having done so, the direction of a verdict was erroneous.

The judgment is reversed.

Mr. Justice Marion and Mr. Acting Associate Justice M. L. Smith concur.

Mr. Chief Justice Gary did not participate.

Mr. Justice Fraser (dissenting): The agreed statement of facts reads:

"J. W. Steen & Co., of Middendorf, S. C., on April 20, 1912, executed to the plaintiff contract, which is placed in evidence herewith and marked "Exhibit A." This contract called for certain payments on a cash register on which there is still due a balance of $30.00. Default had been made in the payment before bankruptcy, and the machine in question was seized by the plaintiff in claim and delivery; it being at that time in the possession of the defendant, K. C. Johnson, who was the purchaser of the stock of goods owned by the bankrupt company. This contract was recorded in the office of the Register of Mesne Conveyances for Chesterfield County on October 18, 1912, being recorded in Book 23, page 715, this recording being done prior to the bankruptcy of J. W. Steen & Co. The machine in question was in the possession of the defendant, K. C. Johnson, being purchased by him along with the other merchandise, at a sale by the Trustee of the bankrupt estate. The machine in question being at that time covered by the lien of the plaintiff which was on record, the plaintiff refusing to adjudicate the matter in the bankrupt court. The sale of the stock and merchandise, including all fixtures in the storeroom of J. W. Steen & Co., and its successors, H. C. Wilhelm & Co., Middendorf, Chesterfield County, S. C. The Trustee of the bankrupt tendered to the plaintiff's attorneys

the balance due them on the cash register, which tender is still open, the tender being $30, being the last payment due on the contract."

The plaintiff moved for the direction of a verdict, which was refused.

The defendant then moved for a direction of a verdict. In passing on that motion his Honor said:

"Upon consideration of the motion now made by the defendant's counsel for a direction of verdict in his favor, it appears from the testimony that, when the Trustee came into possession of this machine under the proceeding in bankruptcy, the machine was advertised and sold along with the other property of the bankrupt estate by the Trustee; the Trustee having first tendered to the plaintiff's attorney the admitted balance due on the machine, which tender was refused, and, although still being open for acceptance by the plaintiff's attorney, has, according to the foregoing statement of the plaintiff's attorney, been again refused. The tender having been made and refused, the lien of the mortgage designated therein as a reservation of title has been discharged, and the possession of the defendant is a perfect possession, and has been freed from the lien held by the plaintiff. For the reasons stated, I think the motion on the defendant's part for a direction of verdict should be granted, and it is so ordered.

"Mr. Foreman and gentlemen of the jury, for the reasons you have heard announced in your presence by the Court, you will take the summons and complaint herein, and write on the back thereof your verdict, 'We find for the defendant the property in dispute.'"

I. The appellant assigns error in that his Honor erred in refusing to direct a verdict for the plaintiff and in directing a verdict for the defendant. There was no error here. His Honor committed no error in holding that the contract set up was in law a mortgage. It was stated by his Honor, without objection, that the entire amount due had been ten-

dered and the tender refused. The tender of the full amount discharged the lien of the mortgage.

The judgment should be affirmed.

MR. JUSTICE WATTS concurs.